The opinion of the court was delivered by

Mr. Justice Colcoc

i shall first take notice of those grounds in the brief which relate to the facts, winch are the second and third. The evidence was by two persons who knew the hand writing of Browne, that the endorsement on the first set was not in his hand writing; and it w s also in evidence that the bill had been sent on by the mail, and that Browne bad left New-York before the bill was paid. This evidence was submitted to the jury, as proof that the bill did get into wrong hands, and their verdict shews that they were satisfied of it. Indeed there can be no doubt on the subject. The case will be considered then as a ease in which the bill was not endorsed by the payee.
The law is clear, that to make the payment of a hill of exchange vaid, it is necessary that it should be endorsed ,by the payee or by some person legally authorized to make the endorsement for him. When a bill is so endorsed, it may be paid to the holder: hitty on Bills, 144, 145, 176, and this was the casein all the authorities relied on by the defendant’s counsel. They are all cases of endorsementby the-payee or one empowered by him, as in the case of a blank endorsement, with authority to fill -up. But if paid without endorsement or on a. forged endorsement, the payment is not valid. “ When a bill is assignable only by endorsement, as' no interest in it can be conveyed otherwise than by that act, any person getting possession of it by a forged endorsement, will not acquire any interest in it, although he was not aware oi the ior^crj; and eonse ¿uently the original *258 holder in such case may, when he has ragained possession of the bill, recover against the acceptor and drawer, although the acceptor may have paid the bill; and if the person attempting to derive an interest under such endorsement, sue the acceptor, he will be admitted to prove that the endorsement was not made by the person entitled to make it.” Chitty on Bills, p. 192-3; Mead & Young, 4 Term Reports, 28, and the case of Cheap and another, vs. Barley Drummond, cited 3 Term R ports, 127; which is in all the facts the very case before us. The defendant who had a house in America as well as in London, drew1 two bills of exchange there, the first and second of the same tenor and date, on a third house here, payable to the plaintiffs. One of them being lost came into the hands of a third person, who forged an endorsement of the payees and received the amount of it from the defendants here; and afterwards the real payees brought their action upon the other bill and recovered. See also the case of Archer, vs. the Gov’rs. & Co. of the Bank of England, Doug. 337.
Nor can the position contended for by the defendant’s counsel, “that an acceptance binds the acceptor, even where the endorsement is fraudulent,” be maintained: if one accept a bill which appears to have been endorsed by the payee, and after-wards discover that the hand-writing of the payee has been forged, he is not bound; the acceptance only acknowledges the Land-writing of the drawer. It is laid down in Chitty, p. 500, that in an action against.the acceptor, the first endorsement of the bill must be proved, although it was payable to drawer’s, own order and endorsed by him, because the acceptance only admits the hand-writing of the party as drawer and not endorser; and it has .even been holden that ehe circumstance of the defendant’s having accepted the bill after it was endorsed, does not dispense with proof of such endorsement, and proof that the bill was endorsed by a person of the same name, as in the case of Mead & Young, 3 Term Reports, 28, before referred to, was not suflicient.
But defendants contend that even if the payment of the first of the set by Willink, was not a valid payment, yet that *259 "there was such laches in the presentment of the second, as will discharge the defendants. There seems to be a difference of •opinion, not only in our States but in England, whether the question of diligence is for the determination of the court or the jury. With deference to the opinion of those from whom I differ, I think it must always be for the jury, for it depends on that determination of facts which is exclusively for the jury. No general rule can be laid down. The cases of bills payable after sight, vary from a few days to a year, depending on an infinite variety of circumstances. In Chitiy, page 208, it is laid down, in the case of a foreign bill payable after sight, that it is no laches to put it into circulation before acceptance, and to keep it in circulation without acceptance as long as the convenience of the successive holders requires, and it has evenheen decided that if a bill drawn at three days sight were kept out in that way for a year, this would be no laches. Muilman vs. D’Eguino, 2d. H. Blackstone, 565; in which case, C. J. Eyre says no fixed rule can be laid down, it would clog these negotiations; it must depend upon the particular circumstances of the case and must be left to the jury to determine. Justicé JBuller; “there is no rule but due dilligence, without regard to the character of the bill, if put into circulation it is enough,” he adds “if the holder were to lock it up for any length of time, I should say it was laches, but further than this no rule can be laid down.” Here the circumstances of the case will justify the delay. Browne was on his way home; as soon as he arrived here and heard the fate of his bill, he procured the second of the set (and it was said and not denied, set off in person) and presented it as soon as he arrived in New-York; when refused to be accepted or paid, he protested it and gave due notice. But why is a bill to be presented in a reasonable time? To prevent injury to the drawer. Now had the second of the set in this case been presented on the very day after the payment, would the defendants have been placed in a better situation? the misfortune had occurred, and that from the negligence of the drawee or his clerks, it was irreparable and the defendants must be the’, losers.
Priohau, for motion.
Gnrnjce fy Bunkin, contra.
The ¡notion is dismissed. —
Bay, JYott, Johnson Sp Huger, Justices concurred.
There is no doubt, I suppose, dial if a bill or not",, payable to order, b& transf-ui-ocl, bona fide, by the payee, without uudoi-scment, though the holder dor.s not acquire snob <i property in it as will enable him to sustain a suit ;n his own name, yet ha has such an until -ul,- to receive, that the acceptor or drawer raal-.ins payment to him will lie dl.si ha -ni
The position which seems to have been intended tobe principally relied on is., (hat the possession of a bill not endorsed, is such evidence, prima facie, of ;;u-tbority from the payee, as to throw upon him the. proof that it was lost, or that, the holder acquiredUaiafo'/irfe; and this seems to be supported by several of the. authorities cited.
Tiie holder’s being in possession with a forged endorsement on the bill, Would certainly bo a strong circumstance to shew that it was unfairly acquired; and the farther ground appears to have been taken, that proof of its not being the hand writing of the payee, was not sufficient to shew the endorsement forged; as some one else might have made it by his direction.